IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

GLORIA RAVEN,

        Plaintiff,        Civil Action No.
                                      5:18-CV-0204 (LEK/DEP)
   v.

DaVITA INC. *et al.*,

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

GLORIA RAVEN, *Pro se*
2524 County Route 60
Elmira, New York 14901

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This action was brought by *pro se* plaintiff Gloria Raven against, *inter alia*, her former employer and supervisor under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff's complaint and accompanying motion for leave to proceed in the action *in forma pauperis* ("IFP") have been forwarded to me for review. For

the reasons set forth below, plaintiff's IFP application is granted, but I recommend that her complaint be dismissed, with leave to replead.

I.      BACKGROUND

Plaintiff was hired by defendant DaVita Inc. on August 22, 2016, as a Dialysis Technician. Dkt. No. 1 at 11. "[A]fter five very successful months" on the job, plaintiff was offered a promotion to Administrative Assistant. *Id.* In her position as Administrative Assistant, plaintiff was supervised by defendant Dareni Lowe. *Id.* at 14. Plaintiff served in her capacity as Administrative Assistant until June 5, 2017, when she was fired. *Id.* at 25.

Plaintiff's complaint, which is thirty-eight pages in length and set forth in narrative form, describes plaintiff's experience while working under defendant Lowe, including plaintiff's successes and strengths, as well as defendant Lowe's conduct towards plaintiff. By way of one example, plaintiff alleges that on or about February 23, 2017, she relocated a printer to her workstation when no one else who might need the printer was in the office. *Id.* at 16. When defendant Lowe learned of what plaintiff did, she demanded that plaintiff return the printer to its original location, reprimanded her, and threatened to write a formal complaint against her. *Id.* at 16-17. Plaintiff contends that defendant Lowe regularly abused her authority and acted unprofessionally towards plaintiff until plaintiff

complained directly to defendant Kate Hooks, defendant Lowe's supervisor, concerning Lowe's conduct. *Id.* at 21. Within two days of plaintiff speaking with defendant Hooks, defendant Lowe filed the first of three formal written complaints against plaintiff. *Id.* at 22, 24. Plaintiff alleges that the written complaints were made in retaliation for plaintiff complaining to defendant Hooks, and designed to provide pretext for firing plaintiff. *Id.* at 24.

II.  DISCUSSION

A.  Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

without prepayment of fees is granted.[2]

    B.    Plaintiff's Complaint

        1.    Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however,

---

[2]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

4

also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere

6

possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

In this case, liberally construed, plaintiff's complaint asserts unlawful termination, retaliation, and hostile work environment claims against the defendants under Title VII. Generally, Title VII prohibits workplace discrimination on the basis of an individual's status within a protected class, including a person's race, color, religion, sex, or national origin. *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). Fatal to plaintiff's claims in this action are any allegations whatsoever that any of the named defendants discriminated against plaintiff based on her status within a protected class. Because Title VII does not protect against general workplace harassment absent a causal connection to discrimination, I recommend that plaintiff's Title VII discrimination claims be dismissed.

Similarly, plaintiff's Title VII retaliation cause of action is subject to dismissal because plaintiff's complaint contains no allegations that her grievances to defendant Lowe's supervisor involved allegations that defendant Lowe was discriminating against plaintiff because of her status

7

within a protected class. Dkt. No. 1 at 22-22. Rather, plaintiff specifically alleges that the complaint forming the basis of her retaliation claim to defendant Lowe's supervisor occurred immediately following an incident in which defendant Lowe reprimanded plaintiff for carrying out a task assigned to plaintiff by another supervisor. *Id.* at 20-21. According to plaintiff, her grievance concerned defendant Lowe's "'knit-picking', [sic] micromanaging and other negative mannerisms[.]" *Id.* at 21. In addition, plaintiff complained of defendant Lowe's "continued use of belitting and demeaning words[ and] making unreasonable demands[.]" *Id.* Because plaintiff's complaints to defendant Lowe's supervisor did not allege that defendant Lowe's behavior towards plaintiff was based on plaintiff's status within a protected class, it does not give rise to a retaliation claim under Title VII. *See, e.g., Thomas v. iStar Fin., Inc.*, 438 F. Supp. 2d 348, 365 (S.D.N.Y. 2006) ("[C]omplaints centered on general allegations of harassment [or other mistreatment] unrelated to [a protected class] . . . are not protected activity under Title VII.").

To the extent that plaintiff's complaint is also construed as asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, I recommend any such claim be dismissed. Liberally construed, plaintiff alleges that she is nearsighted and, for that reason,

8

requested a second computer monitor to supplement her laptop monitor and assist her with completing her job duties. Dkt. No. 1 at 2, 38, 40. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that "(1) [her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of [her] disability." *Giordano v. City of N.Y.*, 274 F.3d 740, 747 (2d Cir. 2001) (quotation marks omitted), *accord, Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). In this case, even assuming that plaintiff's nearsightedness qualifies as a disability under the ADA, plaintiff acknowledges that defendant Lowe denied the request for a second monitor because defendant Lowe thought it was unnecessary in light of plaintiff's diminished workload. Dkt. No. 1 at 40. In effect, plaintiff has pleaded herself out of asserting a cognizable ADA claim, where she alleges that her request was denied not because of her alleged disability,

9

but because defendant Lowe concluded it was an unnecessary cost due to plaintiff's workload. Accordingly, I recommend plaintiff's ADA claim be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be

10

productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, out of deference to plaintiff's status as a *pro se* litigant, I recommend that plaintiff be granted leave to file an amended complaint to cure the deficiencies identified above in part II.B. of this report. If plaintiff chooses to file an amended complaint, she is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)). Plaintiff is also reminded that Rule 8 of the Federal Rules of Civil Procedure requires a pleading contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Similarly, Rule 10 of the Federal Rules of Civil Procedure provides that a pleading "must state its claims . . . in numbered paragraphs each limited as far as practicable to a single set of

circumstances." Fed. R. Civ. P. 10(b); *see also Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("Rule 10 should . . . be read . . . as a guideline to ensure that complaints are simple, concise, and direct." (quotation marks omitted)).

### III.  SUMMARY, ORDER, AND RECOMMENDATION

Because plaintiff's IFP application demonstrates that she is entitled to that status, the motion is granted. Turning to the merits of the claims asserted in the complaint, I find that neither plaintiff's Title VII nor ADA causes of action are supported by the factual allegations. Accordingly, it is hereby

ORDERED that plaintiff's IFP application (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is directed to serve this order, report, and recommendation on the plaintiff in accordance with the court's local rules.

Dated:   March 9, 2018
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

---

recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).